UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


FREDERICK ROUSE,                )
                                )
          Plaintiff,            )
                                )
v.                              )
                                )       CIVIL ACTION NO.
DISTRICT-4 CITY OF BOSTON       )       12-10432-DPW
POLICE DEPARTMENT; CAPTAIN,     )
PAUL M. IVENS; SERGEANT         )
DETECTIVE, JAMES FITZPATRICK;   )
DETECTIVE, STEPHEN GREEN;       )
POLICE OFFICER, KEVIN           )
McELMOYLE and POLICE OFFICER    )
RICHARD CASALLAS                )
                                )
          Defendants.           )


                         MEMORANDUM AND ORDER
                           March 29, 2012


     The plaintiff, a prisoner now serving a sentence for a state criminal convictions on charges of drug distribution and resisting arrest, has brought this federal civil rights action claiming excessive force in connection with his arrest.  The defendants have moved to dismiss on various limited grounds.

     It is apparent that as a result of the progress of the underlying criminal prosecution from which this civil case is derived the plaintiff is collaterally estopped from relitigating the question of excessive force.  Consequently, this case will be dismissed.

     The issue of excessive force raised by the plaintiff here was addressed directly in the ruling of the state trial court

denying a motion to suppress evidence obtained in connection with his warrantless arrest.  The Superior Court judge found

> [t]here was no credible evidence of either excessive force or bias.  The use of force by McElmoyle and Casallas was necessitated by the defendant's flight and resistance to arrest.  Each of the four witnesses, Walsh, Green, Casallas and McEmoyle [all named defendants in this case], testified consistently with one another and credibly.  The defendant's [the plaintiff in this case] argument is without merit.

*Commonwealth* v. *Rouse*, Suffolk Criminal Action No. 09-10799, slip op. at 5 (Mass. Super. Ct. April 5, 2010).  This determination has not been disturbed on appeal.  Indeed the Massachusetts Appeals Court, in its recent Memorandum and Order affirming the convictions, took the unusual step of addressing the question of excessive force from the perspective of the ineffective assistance of counsel claim presented on direct appeal despite the Massachusetts practice of disfavoring such challenges on direct appeal rather than through a motion for new trial.  *Commonwealth* v. *Rouse*, No. 11-P-1470, 2013 WL 673074 (Mass. App. Ct. Feb. 26, 2013).  The Appeals Court took this step "because the record before us includes evidence of the injuries suffered by the defendant."   *Id*. at *2.  The court concluded:

> The defendant testified that, as a result of the officers tackling him, he was bleeding from his mouth and cheek.  Defense counsel repeated those facts in his closing argument and confirmed that the defendant suffered "no broken bones, no permanent disfigurement." "These weren't serious injuries" is an accurate statement.  Including it in counsel's closing argument cannot be described as "ineffective."

*Id.*

Federal courts look to state law to determine the preclusive effect of a state court judgment. *Kremer* v. *Chemical Constr. Corp.*, 456 U.S. 461, 466 (1982); *In re Sonus Networks Inc,* 499 F.3d 47, 56 (1st Cir. 2007). Collateral estoppel effect will be extended to the determination of a motion to suppress when the issues presented in the two proceedings are identical, the matter has been litigated in the first proceeding to judgment by the party against whom estoppel will be applied in the second proceeding, the applicable law is identical and the final judgment in the first proceeding has been the subject of appeal. *See generally*, *Commonwealth* v. *Cabrera*, 874 N.E.2d 654, 658 (Mass. 2007); *see also Commonwealth* v. *Stephens,* 885 N.E. 2d 785, 792 n.6 (Mass. 2008). Those conditions are met here. Under Massachusetts law, when an issue, such as "excessive force" is actually litigated and determined on the defendant's . . . motion to suppress, [and] such a determination was essential to the defendant's conviction, and the defendant had an opportunity to obtain review of the determination of her motion to suppress," collateral estoppel will apply. *Commonwealth* v. *Rodriguez,* 823 N.E. 2d 1256, 1259-60 (Mass. 2005).

Federal courts routinely apply such principles of collateral estoppel in federal civil rights actions. *Allen* v. *McCurry*, 449 U.S. 90, 96-97 (1980); *Gray* v. *Farley*, 13 F.3d 142, 146 (4th Cir.

1993).  In particular those principles have been applied to estop excessive force claims in federal civil rights actions after a state motion to suppress judge has rejected such a claim.  *See Owuour* v. *U.S. Dept of Homeland Security,* No. 09-cv-1166, 2012 WL 5305141, *10 (M.D.Ala. Oct. 4, 2012); *Hunt* v. *Thomas*, No. 07 C 4733, 2008 WL 4442589, *10 (N.D.Ill. Sept. 26, 2008).

Given the final judgment in the plaintiff's underlying state criminal case[1], I am obligated to apply principles of collateral estoppel developed by the Massachusetts courts and conclude that the plaintiff's claims here are barred.  Accordingly I will GRANT the defendants' several motions to dismiss for failure to state a claim upon which relief may be granted in this court.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT

---

[1] I recognize that the plaintiff has pending an Application for Further Appellate Review in the Massachusetts Supreme Judicial Court. *Commonwealth* v. *Rouse*, FAR-21503 (Mass. Filed Mar. 19, 2013).  Nevertheless, the Massachusetts courts, whose approach I must follow, 28 U.S.C. § 1738, apply the majority view, RESTATEMENT (SECOND) OF JUDGMENTS § 13 cmt. f (1982), and accord res judicata to a final judgment despite the pendency of an appeal. *O'Brien* v. *Hanover Ins. Co.*, 692 N.E.2d 39, 44 (Mass. 1998).